UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALLEN O'MALLEY, on his own behalf and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> C&L MAINTENANCE, INC. d/b/a CLM MIDWEST, <br><br> Defendant. | ) ) ) ) ) ) ) ) CASE NO.: 3:20-CV-571 ) ) ) ) ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Allen O'Malley, on his own behalf and on behalf of those similarly situated, brings this action Defendant C&L Maintenance, Inc. d/b/a CLM Midwest ("CLM") for violation of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq* ("FLSA").

### PARTIES

1. Allen O'Malley ("O'Malley") is an individual who resides in Miami County, Indiana.

2. At all times relevant to this action, O'Malley was employed by CLM within the meaning of Section 203 of the FLSA.

3. CLM is an Illinois corporation doing business in Indiana.

4. At all times relevant to this action, CLM employed O'Malley.

### JURISDICTION AND VENUE

5. This Court properly has jurisdiction over this matter pursuant to 28 U.S.C. 1331 inasmuch as O'Malley is asserting rights arising under federal law, the FLSA, on his own behalf and on behalf of those similarly situated.

6. This Court is a proper venue for this action pursuant to 28 U.S.C. 1391 inasmuch as a substantial portion of the transactions and occurrences giving rise to O'Malley's claim took place within this judicial district.

## FLSA Coverage

7. At all times relevant to this matter, upon Plaintiff's information and belief, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. §203(r).

8. At all times relevant o this matter, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA inasmuch as the enterprise has had employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been oved in or produced for commerce by any person, and in that the enterprise has had an annual gross volume of sales made or business done of not less than $500,000.00.

9. At all times relevant to this matter, Plaintiff and those similarly situated were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## Facts

10. Plaintiff worked for CLM Midwest as a Service Technician.

11. In the course of his work as a Service Technician, Plaintiff traveled to and from various customer sites providing services to Defendant's customers.

12. Defendant paid Plaintiff an hourly rate for his services as a Service Technician.

13. Defendant required Plaintiff to log his hours of work through a time tracking app.

14. Plaintiff logged his working time through the time tracking app.

15. Plaintiff was not able to take a 30 minute lunch break every day.

16. More often than not, Plaintiff was unable to take a lunch break.

17. Plaintiff worked through his lunch most days.

18. Despite the fact that Plaintiff did not take a lunch break, Defendant deducted a 30-minute lunch break from Plaintiff's time report for each day.

19. Defendant's time tracking app allowed Defendant to see and know that Plaintiff was not taking his 30 minute lunch break.
20. Defendant knew, or in the exercise of reasonable supervision would have known, that Plaintiff was working through lunch time.

### COLLECTIVE ACTION FACTUAL ALLEGATIONS

21. Plaintiff is similarly situated to other of Defendant's Service Technicians inasmuch as they have shared common titles, duties, and are subject to the same decision, policy, plan, or practice whereby Defendant regularly deducts a 30-minute lunch break from their time sheets (and subsequently, their pay) regardless of whether the employee took a 30-minute lunch break.
22. Pursuant to its decision, policy, plan or practice, Defendant failed to fully pay minimum wage and overtime wages to current and former Service Technicians employed by Defendant within the last three years ("Members of the Class"), because Defendant automatically deducted break time regardless of whether a break was taken.
23. Defendant's failure to pay minimum wage and overtime compensation as required by the FLSA results from a decision, policy, plan, or practice that was not dependent on the personal circumstances of individual employees, but rather affected Plaintiff and all Members of the Class alike.
24. The same conduct which resulted in the non-payment of minimum wage and overtime applied to Plaintiff and all Members of the Class.
25. Accordingly, the class is properly defined as:

> **All current and former Service Technicians employed by Defendant within the three (3) year period prior to the filing of this Complaint.**

26. Defendant knowingly, willfully, or with reckless disregard, carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Members of the Class.

**COUNT I: VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

27. During the relevant period, Defendant has violated and, upon information and belief, continues to violate the provisions of 29 U.S.C. §207 by employing Plaintiff and Members fo the Class in an enterprise engaged in commerce, or in the production of goods for commerce, or employee employees engaged in interstate commerce, within the meaning of the FLSA, without compensating them at the minimum and / or one-and-one-half times their regular hourly rate for hours in excess of forty in single workweeks.

28. Defendant has acted knowingly, willfully, or with reckless disregard to the rights of Plaintiff and Members of the Class in failing to pay them in accordance with the FLSA.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of those similarly situated, demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and those Members of the Class who should join this suit;

b. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for liquidated damages;

c. An Order awarding Plaintiff and those Members of the Class who should join this suit the costs of this action;

d. An Order awarding Plaintiff and those Members of the Class who should join this suit their attorney's fees;

e. An Order awarding Plaintiff and those Members of the Class who should join this suit pre- and post-judgment interest at the highest rate allowed by law;

f.  An Order providing such further relief as the Court determines to be necessary and appropriate.

> /s/ Jason R. Ramsland
> Jason R. Ramsland #29443-29
> Ramsland Law
> 17 S. 6th Street
> Suite X Box 12
> Lafayette, IN 47901
> 765.267.1240
> jason@rams.land
> Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

> /s/ Jason R. Ramsland