IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ALLEN O'MALLEY**, on his own behalf and on behalf of those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**C&L MAINTENANCE, INC D/B/A CLM MIDWEST**,<br><br>    Defendant. | Case No. 3:20-cv-571 |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff Allen O'Malley ("Plaintiff") and Defendant C&L Maintenance, Inc. d/b/a CLM Midwest ("CLM") ("Defendant") (collectively the "Parties") by their attorneys, hereby jointly move for Approval of Settlement (the "Motion").

As explained in the accompanying Memorandum in Support, the Court should approve the settlement because it represents a fair, reasonable and final resolution of Plaintiff's claim against the Defendant under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, which requires Court approval.

The Parties also respectfully request that the Agreement remain under seal as confidentiality is a key and material term of the settlement.

For these reasons, and those set forth in the accompanying Memorandum in Support, the Parties respectfully request that the Court grant their Joint Motion for Approval of Settlement.

1

Respectfully submitted:

By: /s/ Jason R. Ramsland

Jason R. Ramsland #29443-29
Ramsland Law
17 S. 6th Street
Suite X Box 12
Lafayette, IN 47901
765.267.1240
Email: jason@rams.land
Attorney for Plaintiff
Dated: June 15, 2021

By: /s/ Thomas M. Wilde

Thomas M. Wilde, Illinois Bar No. 6217048
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2400
Chicago, Illinois 60601
312-609-7500
312-609-5005
Email: twilde@vedderprice.com
Attorney for Defendant
Dated: June 15, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA,
SOUTH BEND DIVISION

| | |
|---|---|
| **ALLEN O'MALLEY**, on his own behalf and on behalf of those similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>**C&L MAINTENANCE, INC D/B/A CLM MIDWEST**,<br><br>　　　　Defendant. | Case No. 3:20-cv-571 |

# MEMORANDUM IN SUPPORT OF JOINT MOTION
# FOR APPROVAL OF SETTLEMENT

　　　　Plaintiff Allen O'Malley ("Plaintiff") and Defendant C&L Maintenance, Inc. d/b/a CLM Midwest ("Defendant") (collectively, the "Parties"), by their respective attorneys, hereby jointly submit this Memorandum in Support of the Joint Motion for Approval of Settlement (the "Motion").

　　　　The Court should grant the Motion because the settlement represents a fair, reasonable and final resolution of Plaintiff's Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), claim against Defendant, which requires Court approval.

**I.　　BACKGROUND**

　　　　On July 6, 2020, Plaintiff filed his Complaint against Defendant asserting a single claim for unpaid wages under the FLSA arising out of Plaintiff's employment with Defendant. (Dkt 1). Specifically, Plaintiff worked for Defendant as a Service Technician for approximately 46 weeks, and in that position, he traveled to and from customer sites to provide service to Defendant's

VP/#51117072.3

customers. (Compl., ¶¶ 10-11).[1] Plaintiff alleges that, during his employment, he logged his time using a time-tracking application. (Compl., ¶¶ 14). Plaintiff further alleges that Defendant automatically deducted a 30-minute meal period from Plaintiff's hours worked, regardless whether Plaintiff actually took a lunch break. (Compl., ¶¶ 14-18). Plaintiff alleges that, under the FLSA, he is entitled to wages, including overtime, for hours he claims to have worked. (Compl., ¶¶ 27-28). Defendant answered the Complaint on October 23, 2020, denying any wrongdoing or liability. (Dkt. 6). Specifically, Defendant denies that Plaintiff was entitled to any compensation under the FLSA. (*Id.*).

The Parties began to engage in discovery, and they scheduled a mediation with Mediator John Van Winkle to take place on May 6, 2021. In anticipation of the mediation, the Parties, through counsel, engaged in arm's-length negotiations. The Parties reached agreement to settle Plaintiff's claim in this lawsuit, and they memorialized this settlement in the Agreement.

Under the terms of the Agreement, Plaintiff agrees to waive and release all past and present claims against Defendant, including but not limited to those alleged in the present lawsuit, in exchange for payment of a certain monetary amount to Plaintiff. The Parties agree to maintain the confidentiality of the terms of the Agreement, and the Agreement includes a non-disclosure provision along with other standard terms. If this Court approves the Agreement, the Parties will promptly effectuate the terms of the settlement, including the dismissal of this lawsuit with prejudice pursuant to FED. CIV. R. 41(a).

In accordance with this Court's May 13, 2021 Order, the Parties filed a Joint Notice of Filing Settlement Agreement Under Seal for Court Approval, along with the Agreement under

---

[1] The facts alleged by Plaintiff in the Complaint are assumed true only for the purposes of this Motion.

VP/#51117072.3

seal. (Dkt. 16-17). On June 2, 2021, this Court directed the Parties to file supplemental authority in support of the Parties' request that this Court approve the Agreement, and maintain the Agreement under seal, by June 16, 2021. (Dkt 18).

## II. THIS COURT SHOULD APPROVE THE PARTIES' AGREEMENT

As shown below, this Court should grant this Joint Agreed Motion because the Agreement represents a fair, reasonable and final resolution of Plaintiff's FLSA claim against Defendant.

### A. Legal Standard

In order for parties' settlement resolving FLSA claims to be effective, a federal court must approve an agreed upon settlement agreements. *See*, *e.g.*, *Beckwith v. Planet Forward, LLC*, Case No. 3:18-CV-801 JD, 2019 WL 588178, at *1 (N.D. Ind., 2019) (approving a settlement in a single plaintiff case). Courts approve settlement agreements that are fair and reasonable resolutions of *bona fide* disputes. *Id.* "To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (citing *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) (internal alteration and quotation omitted). Settlements are routinely approved in cases where resolution results from counsel's arm's-length negotiations where questions of law and fact exist. *Id.*

In reviewing an FLSA settlement, a court will consider a multitude of factors including: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendant to withstand a larger judgment; (6) the range of reasonableness of the settlement in light of the best possible recovery; and (7) the range of reasonableness of the settlement in light of all the risks of litigation. *Id.* at 995 (citation omitted); *see also Burkholder*, 750 F. Supp. at 995.

### B. The Agreement Provides a Fair and Reasonable Resolution of Plaintiff's FLSA Claim

The Court should approve the Agreement because it is a *bona fide* compromise of disputed issues of law and fact reached after arm's-length negotiations.[2] Counsel for each Party has experience litigating and resolving FLSA cases, and each Party was represented by such counsel throughout this litigation. The Parties, through their attorneys, thoroughly investigated Plaintiff's FLSA claim and Defendant's defenses to that claim, including but not limited to the risks and challenges of proceeding with this lawsuit. With this knowledge, the Parties voluntarily agreed to the terms of the Agreement.

If the Parties had not reached a settlement, the Parties would have to engage in further discovery that would come at great cost to both sides, including additional written discovery, depositions, and additional damages analysis. The Parties stipulate that they are resolving the matter to avoid unnecessary further costs, time, and risks associated with continuing this litigation.

Additionally, there remains a substantial question as to the likelihood of success on the merits. Defendants continue to dispute the allegation that Plaintiff was not paid for time he claims to have worked during his meal periods. The Parties have taken this uncertainty into account during their negotiations.

The Agreement is also fair and equitable because Plaintiff will be awarded an equitable sum that is approximately equal to the amount that he claims he is entitled to for unpaid meal periods he allegedly worked throughout his employment. Essentially, Plaintiff will be made whole without continued litigation expenses and uncertainty of litigation.

---

[2] The Settlement is between the Parties herein, and will not affect the rights of absent parties.

Plaintiff's attorney will receive approximately 40 percent of the total settlement in fees. This amount is a reasonable calculation of the actual fees and costs Plaintiff's counsel incurred during this litigation and is in line with fees approved in other cases. *Cf. Dominguez v. Quigley's Irish Pub, Inc.,* 897 F. Supp. 2d 674, 686 (N.D. Ill. 2012) (noting that the Seventh Circuit has "repeatedly rejected the notion that the fees must be calculated proportionally to damages in cases with fee-shifting statutes."). Both Parties agree to this fee allocation.

### III.  THE PARTIES' AGREEMENT SHOULD REMAIN CONFIDENTIAL

The parties recognize the presumption of public access of documents, but courts in this district have permitted FLSA settlement agreements to remain under seal. As explained in *Swarthout v. Ryla Teleservices, Inc.*:

> [T]he Court finds that the parties have shown good cause to maintain Exhibit A—the Settlement Agreement under seal. . . . The parties do not have the option, as litigants do in most non-FLSA collective action cases to execute a private, confidential settlement agreement and then file a stipulation of dismissal. Nevertheless, assuring confidentiality of the settlement was a key and material term of these parties' confidential Settlement Agreement.

Cause No. 4:11-CV-21-PRC, 2012 WL 5361756 (N.D. Ind. Oct. 30, 2012); *see also Beckwith*, 2019 WL 588178 (upholding the sealing of a settlement agreement when confidentiality was a material term of a settlement agreement); *Redden v. Boathouse Restaurant Inc.*, Cause No. 1-17-CV-00427-TLS-SLC (N.D. Ind. Apr. 3, 2018) (Dkt. 19) (approving a settlement agreement filed under seal).

Here, confidentiality is a key and material term of the Agreement. Paragraph 7 of the Agreement sets forth the Parties' confidentiality obligations. Accordingly, the Parties respectfully request that their Agreement remain under seal.

## IV.    CONCLUSION

The Parties' Agreement is a fair and equitable compromise of a *bona fide* dispute, and the Parties request that the Court approve the Agreement. Should the Court grant the Motion, Plaintiff hereby stipulates that he will move the Court to dismiss the Complaint with prejudice, and each party will bear its own costs, expenses and fees consistent with the terms of the Agreement. The Parties also request that the Agreement remain under seal.

By: /s/ *Jason R. Ramsland*

Jason R. Ramsland #29443-29
Ramsland Law
17 S. 6th Street
Suite X Box 12
Lafayette, IN 47901
765.267.1240
Email: jason@rams.land
Attorney for Plaintiff
Dated: June 15, 2021

By: /s/ *Thomas M. Wilde*

Thomas M. Wilde, Illinois Bar No. 6217048
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2400
Chicago, Illinois 60601
312-609-7500
312-609-5005
Email: twilde@vedderprice.com
Attorney for Defendant
Dated: June 15, 2021

VP/#51117072.3

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he has caused a copy of the foregoing JOINT MOTION FOR APPROVAL OF SETTLEMENT to be served upon all parties of record on June 15, 2021 via this Court's electronic filing system.

*s/ Thomas M. Wilde*
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ALLEN O'MALLEY**, on his own behalf and on behalf of those similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>**C&L MAINTENANCE, INC D/B/A CLM MIDWEST**,<br><br>     Defendant. | Case No. 3:20-cv-571 |

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT

**WHEREFORE,** the Parties, having jointly moved for Court for approval of their Confidential Settlement Agreement and General Release (the "Agreement"), and the Court having reviewed the terms of the Agreement and determined they are fair and reasonable, **IT IS HEREBY ORDERED AND ADJUDGED** that the settlement is hereby approved. **IT IS ALSO HEREBY ORDERED AND ADJUDGED** that the Agreement will remain under seal. The Court hereby orders Plaintiff to effective dismissal within five (5) business days after this Order. Each party shall bear its own costs and attorneys' fees consistent with the terms of the Agreement. The Court shall retain jurisdiction over the settlement.

**ENTERED** this _____ day of _____, 2021

_____

VP/#51117072.3